NO. 07-07-0363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 28, 2007
_____

KENNETH LEE MAYER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A4134-0706; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Kenneth Lee Mayer, through his trial counsel, filed a timely notice of appeal. In addition, appellant's trial counsel also filed a motion to withdraw which was granted by the trial court on August 23, 2007. On September 17, 2007, appellant filed a *pro se* notice of appeal. Included in appellant's *pro se* notice of appeal, appellant indicated that he was indigent and had requested a court appointed appellate attorney. However, our clerk's office has no record of any attorney having been appointed as of September 24, 2007.

We now abate this cause and remand it to the 64th District Court of Swisher County. It is ordered that the judge of said court convene a hearing, after due notice to all parties, to determine:

1) whether appellant desires to prosecute this appeal;

2) whether appellant has retained counsel; or

3) if appellant is not represented by retained counsel, whether appellant is indigent and, therefore, is entitled to appointed counsel and a record of the trial court proceedings free of charge.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue his appeal, is not represented by counsel and is indigent, we then further direct the court to 1) appoint counsel to assist in the prosecution of the appeal, and 2) issue an order requiring the preparation of a clerk's record in accordance with Rule 34.5 of the Texas Rules of Appellate Procedure. The name, address, phone number, fax number, and state bar number of any counsel who is appointed to represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the trial court issued as a result of its hearing on this matter and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 2, 2007. Should additional time be needed to perform these tasks, the trial court may request same on or before November 2, 2007.

2

It is so ordered.

Per Curiam

Do not publish.